UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**XTREME DIESEL PERFORMANCE, LLC,**

    **Plaintiff,**

v.                                                          Case No: 5:16-cv-633-Oc-32PRL

**XTREME DIESEL PERFORMANCE, LLC**

    **Defendant.**

### REPORT AND RECOMMENDATION[1]

This trademark infringement case is before me upon referral from the District Judge. Plaintiff seeks an entry of final default judgment, including injunctive relief, for Defendant's alleged infringement of three registered trademarks. (Doc. 15). To date, Defendant has not made an appearance in this action. I submit, based on a review of the record, that Plaintiff is entitled to default judgment, a permanent injunction, a cease and desist order, and transfer and assignment of the infringing domain name.

### I.    BACKGROUND

Plaintiff, Xtreme Diesel Performance, LLC, a New Jersey limited liability corporation, is a retailer of automobile parts and accessories. Plaintiff also installs and repairs automotive parts

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

and accessories.  Plaintiff offers its products for sale in a brick and mortar location and also on an online website.  Plaintiff owns the following federal trademark registrations:

   A. XTREME DIESEL PERFORMANCE in international class 35, No. 3,222,049

   B. XDP in international class 37, No. 3,747,340; and

   C. XDP and design in international class 25, No. 4,788,430

Plaintiff alleges that the trademark registrations are valid and incontestable.

Defendant, which is using the same name as Plaintiff – Xtreme Diesel Performance, LLC – is a Florida limited liability corporation that is (1) selling automotive parts and accessories, and servicing vehicles at its location in Ocala, Florida; and (2) marketing the parts and services on an online website at "xdpllc.com."

In 2015, Plaintiff contacted Defendant by telephone to put it on notice of Plaintiff's trademark registrations for Xtreme Diesel Performance and XDP.  On October 5, 2015, Plaintiff's counsel sent a cease and desist letter to Defendant.  On November 15, 2015, Defendant advised that it would change its name at the beginning of 2016.  However, Defendant has not changed its name and continues to operate as Xtreme Diesel Performance, LLC.

On October 26, 2016, Plaintiff filed its complaint against Defendant asserting claims for trademark infringement in violation of 15 U.S.C. §§ 1114 and unfair competition in violation of 15 U.S.C. §1125.  (Doc. 1).  On November 7, 2016, Plaintiff served the Complaint and Summons on Defendant's registered agent.  (Doc. 7).[2]  Defendant failed to file a responsive pleading, and the Clerk entered default.  (Doc. 9).  To date, Defendant has not sought to vacate the default or otherwise appear or defend this action.  On January 13, 2017, Plaintiff filed the instant motion for final default judgment (Doc. 15).

---

[2] As reflected in the official corporate records, Michael Thomas is Defendant's registered agent. *See* http://search.sunbiz.org/Inquiry/CorporationSearch/ for XTREME DIESEL PERFORMANCE, LLC.

## II. STANDARD

To begin, a default judgment is not a foregone conclusion when a defendant fails to defend. Rule 55 of the Federal Rules of Civil procedure establishes a two-step process for obtaining a default judgment. "First, when the defendant fails to plead or otherwise defend the lawsuit, the clerk of the court is authorized to enter a clerk's default against the defendant." *Pierre v. Venus Satellite, Inc.*, No. 3:12-CV-343-J-34JBT, 2014 WL 103212 at *3 (M.D. Fla. Jan. 9, 2014). Then, "after receiving a clerk's default, the court, or in some instances the clerk, may enter a default judgment against the defendant for not appearing." *Id.*

A default judgment, however, cannot stand on a complaint where the Court lacks jurisdiction or the plaintiff fails to state a claim. *See Pierre*, 2014 WL 103212 at *3; *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1291 (S.D. Ala. 2010). Thus, the Court must first assess the allegations in the complaint. In doing so, I note that through default, a defendant does admit Plaintiff's well-pleaded factual allegations. *Pierre*, 2014 WL 103212 at *3 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

## III. DISCUSSION

### A. Liability

A default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" itself in a lawsuit. Fed.R.Civ.P. 55(a). Defendant failed to participate in this case, despite the fact that it was provided with notice of it on November 7, 2016. (Doc. 7-1). Therefore, so long as Plaintiff's factual allegations support each element of its claims, a default judgment is appropriate. I discuss both of Plaintiff's claims separately, below.

1.  *Count I:Trademark Infringement*

Plaintiff claims that Defendant violated 15 U.S.C. § 1114(1) by infringing on its federally registered trademarks – Xtreme Diesel Performance and XDP (referred to collectively as Plaintiff's "Federally Registered Marks").

To prevail on a claim of trademark infringement, Plaintiff must establish that: (1) it possesses a valid mark; (2) Defendant used the mark or a colorable imitation of the mark; (3) Defendant's use of the mark occurred "in commerce"; (4) Defendant used the mark "in connection with the sale, offering for sale, distribution, or advertising of any goods or services"; and (5) Defendant used the mark in a manner likely to confuse consumers.  15 U.S.C. § 1114(1)(a); s*ee also N. Am. Med. Corp. v. Axiom Worldwide, Inc.,* 522 F.3d 1211, 1218 (11th Cir. 2008).  After five years of continuous use, the Lanham Act allows the owner of a registered trademark to obtain "incontestable" status.  Once a registration has achieved incontestable status, that status is treated as conclusive evidence of the registrant's right to use the trademark, subject to enumerated defenses. 15 U.S.C. §§ 1065, 1115(b); s*ee also Wilhelm Pudenz, GmbH v. Littlefuse, Inc.,* 177 F.3d 1204, 1208 (11th Cir.1999).

Here, by failing to answer the Complaint, Defendant admits that Plaintiff registered the Xtreme Diesel Performance and XDP marks and that they have obtained incontestable status. This is sufficient to establish that Plaintiff possesses valid marks.

By virtue of its default, Defendant also admits that it is has been and is still using the marks, both at its Ocala location, where it is selling automotive parts and accessories, and online at its website xdpllc.com, where it is marketing the products.  This is sufficient to establish the third and fourth elements of trademark infringement – that Defendant used the federally registered

marks in commerce in connection with the sale, offering for sale, distribution, or advertising of any goods or services.

Finally, Defendant admits (through default) that it is using an identical trademark for identical goods and services; that its use of the trademark is likely to cause confusion, mistake, or to deceive consumers; and that it is intentionally using the trademark to trade off of Plaintiff's reputation. Taken together, Defendant's admissions are sufficient to establish the likelihood of confusion. Because all five elements of trademark infringement have been established, Defendant is liable for trademark infringement under 15 U.S.C. § 1114(1)(a).

### 2. *Count II- Unfair Competition under 15 U.S.C. § 1125*

In Count II, the underlying allegations incorporate allegations under both unfair competition and cyberpiracy. The elements of an unfair competition claim under 15 U.S.C. § 1125(a), include Plaintiff showing (1) that it had prior rights to the mark at issue and (2) that the defendant adopted a mark or name that was the same, or confusingly similar, to plaintiff's mark such that consumers were likely to confuse the two. *Planetary Motion Inc. v. Techsplosion,* 261 F.3d 1188, 1193 (11th Cir. 2001). As discussed above, Plaintiff has established that it has prior rights to the federally registered marks and that Defendant's mark is confusingly similar and likely to confuse consumers.

Plaintiff also incorporates allegations under the cyberpiracy prevention section of the Lanham Act – 15 U.S.C. § 1125(d). This section makes a defendant liable for the "bad faith intent to profit" from a protected mark by using a domain name that is identical or confusingly similar. This prohibited action, which is referred to as "cybersquatting," "'occurs when a person other than the trademark holder registers the domain name of a well-known trademark and then attempts to profit from this by either ransoming the domain name back to the trademark holder or by using the domain name to divert business from the trademark holder to the domain name holder.'" *WFTV,*

*Inc., v. Maverik Production Limited Liability Company*, No. 6:11-cv-1923-Orl-28KRS, 2013 WL 3119461, at *9 (M.D. Fla. June 18, 2013) (citations omitted).  To establish a claim, Plaintiff must show that (1) its mark is a distinctive or famous mark entitled to protection, (2) the defendant's domain name is identical or confusingly similar to the plaintiff's marks, and (3) the defendant used, registered, or trafficked in the domain name with the bad faith intent to profit from them.  *Id.*

Here, Plaintiff has established the distinctiveness of its marks not only through Defendant's default, but also through its registration of the marks.  *See Welding Servs., Inc. v. Forman,* 509 F.3d 1351, 1357 n. 3 (11th Cir.2007) (citing 15 U.S.C. § 1057(b)) ("Registration establishes a rebuttable presumption that the marks are protectable or 'distinctive.'").  Through default, Defendant has also admitted that its domain name "xdpllc.com" is confusingly similar to Plaintiff's trademark "XDP."  This is consistent with case law as Defendant simply added "llc" (the same type of business entity as Plaintiff) to the end of Plaintiff's protected mark.  "Courts generally have held that a domain name that incorporates a trademark is 'confusingly similar to' that mark if 'consumers might think that [the domain name] is used, approved, or permitted' by the mark holder."  *DaimlerChrysler v .The Net Inc.,* 388 F.3d 201, 205-06 (6th Cir. 2004).  And, "slight differences between domain names and registered marks, such as the addition of minor or generic words to the disputed domain names are irrelevant."  *Id.*

With respect to the bad faith element, Defendant has admitted that by maintaining the domain name "xdpllc.com," Defendant is misleading the public; that it is directing visitors to Defendant's website, who in fact, are looking to connect with Plaintiff; and that Defendant intentionally misappropriated the trademarks to cause confusion in the marketplace.  In addition, Defendant has admitted that when Plaintiff telephoned in 2015 and advised Defendant of Plaintiff's trademark registrations, Defendant was aware of Plaintiff.  Through default Defendant

has also admitted that it received a cease and desist letter from Plaintiff in October 2015, and despite agreeing to change its name after the beginning of 2016, it has continued to operate as Xtreme Diesel Performance, LLC.  In fact, Plaintiff submitted records from the Florida Department of Corporations showing that Defendant refiled in January 2016 with the same name. (Doc. 15-2).  Accordingly, Plaintiff has alleged sufficient facts, all of which are admitted by virtue of Defendant's default, to show a bad faith intent to profit from its use of the domain name.[3]

Taken together, I submit that the well-pleaded factual allegations contained in Plaintiff's Complaint – all of which have been admitted by Defendant – are sufficient to support a finding of liability under 15 U.S.C. § 1125(a) and (d).

### B. Remedies

Although Plaintiff sought additional remedies in its Complaint, it is now only seeking (1) an order enjoining Defendant from any future use of "XDP" or "Xtreme Diesel Performance"; (2) an order directing Defendant to transfer and assign the domain name "xdpllc.com" to Plaintiff; and (3) an order directing Defendant to cease and desist all actions of unfair competition.

#### 1. *Injunctive Relief*

Plaintiff seeks injunctive relief against Defendant enjoining them from future infringing conduct.  Title 15 U.S.C. § 1116(a) permits a court to grant injunctive relief "according to the principles of equity and upon such terms as the court may deem reasonable."  To determine whether injunctive relief is warranted, Plaintiff must establish: (1) irreparable injury; (2) that

---

[3] The cyberpiracy provision identifies nine non-exclusive factors that the Court may consider in determining if defendant had bad faith intent.  15 U.S.C. § 1125(d)(1)(B)(i).  It also includes a safe harbor, whereby a "bad faith intent to profit" may not be found "in any case in which the court determines that the person believed and had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful."  15 U.S.C. § 1125(d)(1)(B)(ii).  However, there is nothing in the record that would support a finding that Defendant believed and had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful.

remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *Ebay Inc. v. Mercexchange, LLC*, 547 U.S. 388, 391 (2006).

In this case, through its default, Defendant admits that it is intentionally using Plaintiff's name and federally registered marks to deceive the public and in order to trade off of Plaintiff's reputation. Defendant further admits that its use of the domain "xdpllc.com" is directing to Defendant's website visitors who are actually looking to connect with Plaintiff. And, Defendant admits that despite having notice of Plaintiff's trademark registrations, and agreeing to change its name, Defendant has continued to operate as Xtreme Diesel Performance, LLC. Under these circumstances, Plaintiff has established irreparable injury not only to itself, but also to the public, and that monetary damages are inadequate to compensate for the injury. Plaintiff's interest in maintaining the integrity of the goodwill it has built up in its marks outweighs any injury Defendant may suffer. Moreover, the public interest is served by ensuring that businesses such as Defendant's are not operated, advertised, and promoted under such marks without the permission and standards of the owner of the marks. Accordingly, I submit that Plaintiff is entitled to a permanent injunction against Defendant.

2. *Transfer of Domain Name.*

Section 1125(d)(1)(C) provides that "[i]n any civil action involving the . . . use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." Plaintiff requests that the Court order Defendant to transfer the "xdpllc.com" domain name to Plaintiff. Under § 1125(d)(1)(C), and

based on the recommendation set forth above, I submit that the Court should require Defendant to transfer the domain name "xdpllc.com" to Plaintiff.

### 3. Cease and Desist Order

Based on the conclusion that Defendant has infringed Plaintiff's federally registered trademarks and engaged in unfair competition, Plaintiff is entitled to an order directing Defendant to cease and desist from further such conduct. Practically speaking, it is unclear whether such an order would provide any additional relief beyond the relief already granted – i.e., permanent injunction and transfer of the website. Nonetheless, I submit that Plaintiff is entitled to such an order.

## IV. RECOMMENDATION

Accordingly, I submit that Plaintiff's Motion for Entry of Default Final Judgment (Doc. 15) be GRANTED and that judgment be entered:

1. Permanently enjoining Defendant from using Plaintiff's federally registered trademarks;
2. Transferring and assigning the domain name "xdpllc.com" to Plaintiff; and
3. Ordering Defendant to cease and desist all action of unfair competition as alleged in the Complaint.

Recommended in Ocala, Florida on February 8, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge

Counsel of Record
Unrepresented Party
Courtroom Deputy