UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**XTREME DIESEL PERFORMANCE, LLC,**

 **Plaintiff,**

v.                     Case No: 5:16-cv-633-Oc-32PRL

**XTREME DIESEL PERFORMANCE, LLC**

 **Defendant.**

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on Plaintiff's motion to enforce judgment and for amended findings and judgment. (Doc. 20). Defendant did not file a response so the Court issued an order to show cause on May 23, 2017, directing Defendant to show cause in writing on or before June 9, 2017 why Plaintiff' motion should not be granted. (Doc. 23). Despite being served with a copy of Plaintiff's motion and the Court's order to show cause,[2] Defendant has not filed any response. I submit that the motion should be granted in part and denied in part.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] On May 26, 2017, Plaintiff filed proof of service as it was required to do by the Court. (Doc. 24).

**I.     BACKGROUND**

In October 2016, Plaintiff, Xtreme Diesel Performance, LLC, a New Jersey limited liability corporation, filed this action against Defendant, Xtreme Diesel Performance, LLC a Florida limited liability corporation, to protect its interests in three federal trademark registrations:

A.  XTREME DIESEL PERFORMANCE in international class 35, No. 3,222,049

B.  XDP in international class 37, No. 3,747,340; and

C.  XDP and design in international class 25, No. 4,788,430

Plaintiff alleged that Defendant was selling automotive parts and accessories, and servicing vehicles at its location in Ocala, Florida; and marketing the parts and services on an online website at "xdpllc.com."  In its complaint, Plaintiff asserted claims for trademark infringement in violation of 15 U.S.C. §§ 1114 and unfair competition in violation of 15 U.S.C. §1125.  (Doc. 1). Despite being served, Defendant did not appear in this case, and default judgment was ultimately granted in favor of Plaintiff.

On March 2, 2017, the Court entered a Final Judgment and Permanent Injunction ("Final Judgment") in favor of Plaintiff permanently enjoining Defendant from using Plaintiff's federally registered trademarks; ordering Defendant to transfer and assign the domain name "xdpllc.com" to Plaintiff within thirty (30) days of the Order; and to immediately cease and desist all action of unfair competition as alleged in the Complaint.  (Doc. 19).

In the instant motion, Plaintiff asserts that Defendant has failed to comply with any portion of the Final Judgment and continues to operate as Xtreme Diesel Performance, LLC.  Plaintiff has attached filings with the Florida Division of Corporations showing that on April 19, 2017—seven weeks after this Court's Order—Defendant filed its annual report continuing to use the name

Xtreme Diesel Performance, LLC.  (Doc. 20-1).  Plaintiff represents that Defendant has not transferred and assigned the domain name "xdpllc.com."

Plaintiff asks the Court to hold Defendant in contempt for its failure to comply with the Final Judgment; and to appoint a third party (namely a certified mediator in the Ocala Division) to file the necessary documents with the Florida Division of Corporations for the dissolution of Xtreme Diesel Performance, LLC and to transfer and assign the domain name "xdpllc.com" to Plaintiff, at the expense of Defendant.  Plaintiff also requests that the Court alter or amend its Findings or Judgment to make clear that Defendant may not reincorporate any business which uses Plaintiff's federally registered trademarks or develop any website or domain name which utilizes Plaintiff's federally registered trademarks.

## II. DISCUSSION

### A. Contempt

The Court has the inherent authority to enforce its own orders through the exercise of its contempt powers.  *See Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991).   In addition, when the court has required a judgment debtor to perform a specific act, and the judgment debtor fails to comply within the time specified, Fed.R.Civ.P. 70(e) permits the court to hold the disobedient party in contempt.  *See TracFone Wireless, Inc. v. Holden Property Services, LLC*, 103 F.Supp.3d 1357, 1360 (S.D. Fla. 2015).

The Eleventh Circuit has repeatedly held that "injunctions are enforced through the district court's civil contempt power."  *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 828-29 (11th Cir. 2010).   When ruling on motions for contempt based on trademark infringement, courts in the Eleventh Circuit have granted such motions when the defendant has, notwithstanding an order enjoining its conduct, continued to engage in the prohibited conduct and acted in disregard

of the court's orders barring its actions.  *See Tracfone Wireless, Inc. v. Technopark Co., Ltd.,* 313 F.R.D. 680, 688 (S.D. Fla. March 18, 2016).

The party seeking contempt bears the initial burden of proving by clear and convincing evidence that a party subject to a court order has violated that order.  *See McGregor v. Chierco,* 206 F.3d 1378, 1383 (11th Cir. 2000).  The movant must demonstrate that (a) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) the alleged violator had the ability to comply with the order.  *Id.*  If the moving party makes a prima facie showing that the party has violated the order, then the burden shifts to that party to produce evidence explaining its noncompliance.  *See Federal Trade Commission v. RCA Credit Services, LLC,* No. 8:08-cv-2062-T-27MAP, 2012 WL 1140659, at *1 (M.D. Fla. March 20, 2012).  Plaintiff has met this burden.

Here, I submit that the Final Judgment was valid and lawful, and its terms were clear, definite, and unambiguous.  It indisputably required Defendant to stop using Plaintiff's federally registered trademarks and to transfer and assign the domain name "xdpllc.com" to Plaintiff within 30 days.  Plaintiff has offered unrefuted evidence that Defendant violated the Final Judgment by filing its annual report on April 19, 2017 continuing to use the name Xtreme Diesel Performance, LLC.  (Doc. 20-1).  Plaintiff also represents that Defendant has not yet assigned and transferred the domain name "xdpllc.com."  Despite the opportunity, Defendant has not offered any argument or evidence to the contrary.  Indeed, Defendant did not respond to the Court's May 23, 2017 Order that required Defendant to show cause why Plaintiff's motion should not be granted and Defendant should not be held in contempt for its failure to comply with the Final Judgment.  (Doc. 23).  By failing to respond, Defendant has waived any argument to excuse its noncompliance.  *Tracfone Wireless, Inc., v. Holden Property Services, LLC*, 103 F. Supp.3d 1357, 1361 (S.D. Fla. 2015).

Accordingly, Defendant should be found to be in contempt for failing to comply with the terms of the Final Judgment. *Id. at 1359-62* (finding defendants in contempt for failing to comply with court orders, including order to show cause why motion should not be granted).

**B.     Rule 70**

Next, Plaintiff seeks relief pursuant to Fed.R.Civ.P. 70(a) which states:

> If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done —at the disobedient party's expense—by another person appointed by the court.  When done, the act has the same effect as if done by the party.

Plaintiff asks the Court to appoint a third party to transfer and assign the domain name "xdpllc.com" to Plaintiff, at the expense of Defendant.  As discussed above, the Final Judgment required Defendant to perform the specific act of transferring and assigning the domain name 'xdpllc.com" to Plaintiff within 30 days.  Defendant did not do so in the time specified. Accordingly, the Court has the authority to appoint a third party to transfer and assign the domain name to Plaintiff, at the expense of Defendant.

The same, however, cannot be said for Plaintiff's request to dissolve Defendant's corporate entity.  By its express terms, Rule 70(e), "applies only to parties who have failed to perform <u>specific acts</u> pursuant to a judgment"—such as executing a conveyance of land or delivering a deed or other document.  *Westlake North Property Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1304 (9th Cir. 1990) (emphasis added).  Here, while the Final Judgment generally enjoined Defendant from using Plaintiff's federally registered trademarks and directed it to cease and desist all action of unfair competition, it did not specifically require Defendant to dissolve its corporate entity.  Indeed, dissolution of the entity is not the only way for Defendant to comply with the terms of the Final Judgment.  Conceivably, Defendant could, for example, change its

name by amending its Articles of Organization. *See* Fla. Stat. § 605.0202(1)(a). Nonetheless, while the Court cannot grant the requested relief, Defendant's continued use of the name Xtreme Diesel Performance, LLC is in direct violation of the Court's Final Judgment and should be sanctioned.

### C. Alter or Amend Findings or Judgment

Next, Plaintiff requests that the Court alter or amend its Findings or Judgment to make clear that Defendant may not reincorporate any business which uses Plaintiff's federally registered trademarks and/or develop any website/domain name which utilizes Plaintiff's federally registered trademarks. However, a motion brought pursuant to either Fed.R.Civ.P. 52(b) and 59(e)—the two rules under which Plaintiff seeks relief—must be filed no later than 28 days after the entry of judgment. The instant motion was filed more than 50 days after the entry of judgment and thus, the requested relief is time barred.

### III. RECOMMENDATION

For the reasons discussed above, it is recommended that:

1. Plaintiff's motion to enforce judgment and for amended findings and judgment (Doc. 20) should be **GRANTED** in part and **DENIED** in part.

2. Defendant should be held in contempt of Court for its failure to comply with the Court's March 2, 2017 Final Judgment and Permanent Injunction.

3. Plaintiff should be directed to serve a copy of the Order on Defendant and promptly file proof of service.

4. Defendant should be given **twenty (20) days** from the date of service of the Order to

    (a) transfer and assign to Plaintiff the domain name "xdpllc.com;" and

    (b) file the necessary documents with the Florida Division of Corporations so that it is no longer registered as Xtreme Diesel Performance, LLC (or any entity with Plaintiff's trademarks in its name); and

    (c) cease and desist from using Plaintiff's federally registered trademarks.

5. If Defendant has not complied within **twenty (20) days** of service of the Order, the Court should

    (a) impose a daily monetary fine until Defendant complies with the Court's March 2, 2017 Final Judgment and Permanent Injunction and the Court's Order finding Defendant in contempt; and

    (b) appoint a third party to file the necessary documents to transfer and assign the domain name "xdpllc.com" to Plaintiff, at the expense of Defendant.

6. Plaintiff's request to alter or amend findings or judgment should be denied.

Recommended in Ocala, Florida on June 20, 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Presiding District Judge
Counsel of Record

Xtreme Diesel Performance, LLC[3]
3621 NE 36th Avenue
Ocala, FL 34479

---

[3] Because Defendant never appeared in this action, there is no address for it listed on the docket. This address, however, has been identified by Plaintiff in recent court filings.   (Docs. 20, 24).